# EXHIBIT 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 10

**19STCV38324**                                              January 10, 2020
**SHARON PESKETT vs DESIGNER BRANDS, INC.**                        3:00 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Pedro Martinez              ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has randomly assigned this case to this department
for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
02/19/20 at 01:30 PM in this department. At least 10 days prior to the Initial Status Conference,
counsel for all parties must discuss the issues set forth in the Initial Status Conference Order
issued this date. The Initial Status Conference Order is to help the Court and the parties manage
this complex case by developing an orderly schedule for briefing, discovery, and court hearings.
The parties are informally encouraged to exchange documents and information as may be useful
for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex
litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 10

**19STCV38324**                                          January 10, 2020
**SHARON PESKETT vs DESIGNER BRANDS, INC.**                    3:00 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Pedro Martinez              ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/10/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Pedro Martinez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Sharon Peskett | |
| DEFENDANT/RESPONDENT:<br>Designer Brands, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV38324 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 01/10/2020, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Joseph M. Hekmat
Hekmat Law Group
11111 Santa Monica Blvd.
Suite 1700
Los Angeles, CA  90025

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/13/2020

By:  Pedro Martinez _____
        Deputy Clerk

**CERTIFICATE OF MAILING**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| Scott D. Owens<br>Law Office of Scott D. Owens, Esq.<br>3800 S. Ocean Dr.<br>#235<br>Hollywood, FL 33019<br><br>TELEPHONE NO.: (954) 589-0588      FAX NO.: (954) 337-0666<br>ATTORNEY FOR: Plaintiff Sharon Peskett | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JAN 02 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Tanya Nevius _____, Deputy<br>Tanya Herrera |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS:   312 North Spring Street<br>MAILING ADDRESS:   312 North Spring Street<br>CITY AND ZIP CODE:   Los Angeles, CA 90012<br>BRANCH NAME:   Spring Street Courthouse | |

| PLAINTIFF: SHARON PESKETT<br>DEFENDANT: DESIGNER BRANDS, INC. | CASE NUMBER:<br>19STCV38324 |
|---|---|
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>DND |

## By Fax

1.  I am over 18 years of age and not a party to this action.

2.  Received by CAPLAN CAPLAN & CAPLAN on  at  to be served on **DESIGNER BRANDS, INC., AN OHIO CORPORATION, 3909 VILLA COSTERA, MALIBU, CA 90265.**

3.  served a **CORPORATION** by delivering a true copy of the Summons; Complaint; Civil Case Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; Voluntary Efficient Litigation Stipulations to: **DEANNE SCHULLE** as **EMPLOYEE OF CSC LAWYERS INC** for **DESIGNER BRANDS, INC., AN OHIO CORPORATION,** at the address of: **50 WEST BROAD STREET, STE 1330, COLUMBUS, OH 43215,** and informed said person of the contents therein, in compliance with state statutes.

4.  Date and Time of service: 12/19/2019 at 10:10 am

5.  Description: Age: 45, Sex: F, Race/Skin Color: WHITE, Height: 5:4, Weight: 140, Hair: BROWN, Glasses: N

6.  I am

7.  My name, address, telephone number, and, if applicable, county of registration and number are:

    Name: Mark Berus<br>
    Firm: CAPLAN CAPLAN & CAPLAN<br>
    Address: 33 SW 2ND AVENUE, STE 402, MIAMI, FL 33130<br>
    Telephone number: (305) 374-3426<br>
    Registration Number: PROCESS SERVER<br>
    County: All Areas

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12-20-2019

_____<br>
Mark Berus<br>
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

_____<br>
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Page 1 of 1

Oct 25 19, 02:12p          snackbar 4-floor                          213-621-2053                    p.2

**COPY**

SUM-100

**SUMMONS**     **BY FAX**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**     *ck. Leslie Steinmetz*
*(AVISO AL DEMANDADO):*

DESIGNER BRANDS, INC., an Ohio corporation.

*3909 Villa Costera*

**YOU ARE BEING SUED BY PLAINTIFF:**     *Malibu CA*
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHARON PESKETT, individually and on behalf of a class of other
similarly situated individuals,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 25 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: *(Número del Caso)* |
| *(El nombre y dirección de la corte es):* Spring Street Courthouse | **19STCV38324** |

312 N. Spring St., Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Hekmat, 11111 Santa Monica Blvd., Suite 1700, Los Angeles, CA 90025; (424) 888-0848

| DATE: | Clerk, by | , Deputy |
| *(Fecha)* OCT 25 2019   Sherri R. Carter, Clerk | *(Secretario)*   STEVEN DREW | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of: *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

DATE _____ TIME _____
INITIAL _____ BADGE# _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Oct 25 19, 02:12p        snackbar 4-floor                               213-621-2053                    p.2

**COPY**

**SUMMONS**                    BY FAX                                   SUM-100
*(CITACION JUDICIAL)*

NOTICE TO DEFENDANT:  *Ck. Leslie Steinmetz*
*(AVISO AL DEMANDADO):*

DESIGNER BRANDS, INC., an Ohio corporation,

*3909 Villa Costera*
YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*   *Malibu Ct*

SHARON PESKETT, individually and on behalf of a class of other
similarly situated individuals,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles
OCT 25 2019
Sherri R. Carter, Executive Officer/Clerk of Court
By ____, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:                                 CASE NUMBER:
*(El nombre y dirección de la corte es):* Spring Street Courthouse      *(Número del Caso):* **19STCV38324**

312 N. Spring St., Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Hekmat, 11111 Santa Monica Blvd., Suite 1700, Los Angeles, CA 90025; (424) 888-0848

DATE:  OCT 25 2019   Sherri R. Carter, Clerk   Clerk, by _STEVEN DREW_, Deputy
*(Fecha)*                            *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use          **SUMMONS**          Code of Civil Procedure §§ 412.20, 465
Judicial Council of California                                www.courtinfo.ca.gov
SUM-100 [Rev. July 1, 2009]

Oct 25 19, 02:12p      snackbar 4-floor                              213-621-2053                          p.3

# COPY

**BY FAX**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Joseph M. Hekmat, SBN 265229
HEKMAT LAW GROUP
11111 Santa Monica Blvd., Suite 1700
Los Angeles, CA 90025
TELEPHONE NO.: 424.888.0848      FAX NO. 424.270.0242
ATTORNEY FOR *(Name)*: Plaintiff Sharon Peskett

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 312 N. Spring St.,
MAILING ADDRESS: 312 N. Spring St.,
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Peskett v. Designer Brands, Inc.

**CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles**

OCT 25 2019

Sherri R. Carter, executive officer/Clerk of Court
By _____, Deputy
Steven Drew

CASE NUMBER
**19STCV38324**

JUDGE:
DEPT:

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*:  1 Violation of the Fair and Accurate Credit Transactions Act
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 25 2019

Joseph M. Hekmat
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Oct 25 19, 02:12p    .snackbar 4-floor                                    213-621-2053            p.4

# COPY

| SHORT TITLE: Peskett v. Designer Brands, Inc. | CASE NUMBER: 19STCV38324 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**BY FAX**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful retainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Peskett v. Designer Brands, Inc. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Peskett V. Designer Brands, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Peskett v. Designer Brands, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | Class action case (no address required) |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 25 2019

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/25/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Steve Drew _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV38324 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | William F. Highberger | 10 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on  10/25/2019
    (Date)                                                        By Steve Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)                    **NOTICE OF CASE ASSIGNMENT — UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues; alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

.Oot 25 19, 02:14p        snackbar 4-floor                          213-621-2053                   p.8

| | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION — EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

  h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

  i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
               (INSERT DATE)                             (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____              ➤    _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)
Date:

_____              ➤    _____
      (TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)
Date:

_____              ➤    _____
      (TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)
Date:

_____               ➤    _____
      (TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)
Date:

_____               ➤    _____
      (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)
Date:

_____              ➤    _____
      (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)
Date:

_____               ➤    _____
      (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

Oct 25 19, 02:15p        snackbar 4-floor                          213-621-2053              p.10

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):        FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

    ➤ _____
          (ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

    ➤ _____
          (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

    ➤ _____
          (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

    ➤ _____
          (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

    ➤ _____
          (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

    ➤ _____
          (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

    ➤ _____
          (ATTORNEY FOR _____ )

Oct 25 19, 02:17p          snackbar 4-floor                          213-621-2053                    p.13

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.: _____   FAX NO. (Optional): _____
E-MAIL ADDRESS (Optional): _____
ATTORNEY FOR (Name): _____

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____                    ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____                    ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____                       (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____                    ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____                    ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date:  _____        _____
                                         JUDICIAL OFFICER

We're sorry, but your incoming fax may be incomplete.  Please call the sender to verify your fax or to request a re-send.

Your fax may be incomplete because one or more of the following has occurred:

1. Fax transmission was interrupted.

2. "End fax" signal not received.

3. Unable to convert to desired file format.

We apologize for any inconvenience.

You will not be charged for this additional page.

Oct 25 19, 02:12p       snackbar 4-floor                                    213-621-2053                    p.1

# COPY

**BY FAX**

1    Joseph M. Hekmat (California State Bar No. 265229)
2    HEKMAT LAW GROUP
     11111 Santa Monica Blvd., Suite 1700
3    Los Angeles, CA 90025
     Telephone: 424-888-0848
4    Scott D. Owens (Florida State Bar No. 597651)*
5    SCOTT D. OWENS, P.A.
     3800 S. Ocean Dr., Suite 235
6    Hollywood, FL 33091
     Telephone: (954) 589-0588
7    Keith J. Keogh (Illinois State Bar No. 6257811)*
8    KEOGH LAW, LTD.
     55 W. Monroe St., Suite 3390
9    Chicago, IL 60603
     Telephone: 312-726-1092
10   Brett L. Lusskin, Jr., (Florida State Bar No. 28069)*
11   BRETT LUSSKIN, P.A.
     20803 Biscayne Blvd., Suite # 302
12   Aventura, FL 33180
     Tel: (954) 454-5841
13
14   *Pending admission *pro hac vice*

     *Attorneys for Plaintiff*
15

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 25 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
       Sherian Drew

16       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

                    **LOS ANGELES COUNTY**

17   SHARON PESKETT, *individually and on*        CASE NO:
18   *behalf of a class of other similarly situated*      **19STCV38324**
     *individuals,*                               **CLASS ACTION**
19
          Plaintiff,                             **VIOLATION OF THE FAIR AND**
20   v.                                          **ACCURATE CREDIT**
                                                 **TRANSACTIONS ACT (FACTA)**
21   DESIGNER BRANDS, INC., *an Ohio*
22   *corporation,*                              **JURY TRIAL DEMANDED**

23        Defendant.

24

25       Plaintiff, Sharon Peskett, on behalf of herself and other similarly situated individuals,

26   sues Defendant, Designer Brands, Inc., and alleges the following:

27

28

                                                      Class Action Complaint | 1

85638

**INTRODUCTION**

1.      This action arises from Defendant's violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., as amended (the "FCRA"), a federal statute which requires merchants to mask certain credit card and debit card information on receipts provided to consumers.

2.      Despite the clear language of the statute, Defendant knowingly or recklessly failed to comply with FACTA by printing the first six (6) and the last (4) of credit or debit card numbers on receipts provided to consumers. As a result of Defendant's unlawful conduct, Plaintiff and the Class, who conducted business with Defendant during the time frame relevant to this complaint, suffered a violation of their statutory rights under § 1681c(g), an invasion of their privacy, and were burdened with an elevated risk of identity theft.

3.      Recently, the Los Angeles County Superior Court held that a receipt that failed to mask credit card information as required by FACTA caused the plaintiff concrete harm. *See Alex Escobar v. Major League Baseball, et al.*, No. 18STCV02491 (L.A. Cty. Sup. Ct., May 9, 2019) ("Under California law, in general terms, in order to have standing, the plaintiff must be able to allege injury—that is, some invasion of the Plaintiff's legally protected interests.") (quoting 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 832, p. 320).

**JURISDICTION AND VENUE**

4.      Subject matter jurisdiction is proper in this Court as the amount in controversy is within the jurisdictional limit of this Court.

5.      *In personam* jurisdiction over the Defendant is proper in this Court because Defendant, maintains a continuous business presence int this State.

6.      Venue is proper in this Court because Defendant because a significant portion of the violations alleged herein occurred in this judicial district.

**PARTIES**

7.      Plaintiff, Sharon Peskett, is a natural person who resides in Los Angeles County, State of California.

85638

8. Defendant, Designer Brands Inc., is an Ohio corporation whose principal address is 810 DSW Drive, Columbus, Ohio 43219, and whose registered agent for service of process in the State of California is Leslie Steinmetz, 3909 Villa Costera, Malibu, CA 90265.

9. Defendant was also previously known as DSW, which is Defendant's flagship retail brand whose retail stores offer footwear, handbags, and other accessories. DSW operates nearly 550 stores in the United States and Canada.

10. Defendant conducts business in the state of California as the principal owner and operator of DSW.

## FACTUAL ALLEGATIONS

### Background of FACTA

11. Identity theft is a serious issue affecting both consumers and businesses. As of 2018, a Harris Poll revealed that nearly 60 million Americans have been affected by identity theft. There were a record high 16.7 million victims of identity fraud in 2017 alone, and account takeovers (when a thief opens a credit card account or other financial account using a victim's name and other stolen information) tripled in 2017 from 2016, causing $5.1 billion in losses.

12. Upon signing FACTA into law, President George W. Bush remarked that "[s]lips of paper that most people throw away should not hold the key to their savings and financial secrets." 39 Weekly Comp. Pres. Doc. 1746, 1757 (Dec. 4, 2003). President Bush added that the government, through FACTA, was "act[ing] to protect individual privacy." Id.

13. One such FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or bank account from a receipt provided to the consumer during a point of sale transaction, which, through any number of ways, could fall into the hands of someone other than the consumer.

///

///

Class Action Complaint | 3

85638

14.     Codified at 15 U.S.C. § 1681c(g), this provision states the following:

> *Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

15 U.S.C. § 1681c(g) (the "Receipt Provision").

15.     After enactment, FACTA provided three (3) years in which to comply with its requirements, mandating full compliance with its provisions no later than December 4, 2006.

16.     The requirement was widely publicized among retailers and the FTC. For example, on March 6, 2003, in response to earlier state legislation enacting similar truncation requirements, then-CEO of Visa USA, Carl Pascarella, explained;

> "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether.... The first phase of this new policy goes into effect July 1, 2003 for all new terminals ...."

17.     Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

18.     Card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. For example, the publication, "Rules for Visa Merchants," which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all."

19.     Because a handful of large retailers did not comply with their contractual obligations to the card companies and FACTA's straightforward requirements, Congress passed The Credit and Debit Card Receipt Clarification Act of 2007, to make technical corrections to the definition of willful noncompliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the

Class Action Complaint | 4

85638

1    enactment of this Act.

2         20.    Importantly, the Clarification Act did not amend FACTA to allow disclosure of

3    the card number's expiration date. Instead, it simply provided amnesty for certain past

4    violators up to June 3, 2008.

5         21.    In the interim, card processing companies continued to alert their merchant

6    clients, including Defendant, of FACTA's requirements. According to a Visa Best Practice

7    Alert in 2010:

8         Some countries already have laws mandating PAN truncation and the suppression of
9         expiration dates on cardholder receipts. For example, the United States Fair and
          Accurate Credit Transactions Act (FACTA) of 2006 prohibits merchants from printing
10        more than the last five digits of the PAN or the card expiration date on any cardholder
          receipt.   (Please   visit   http://www.ftc.gov/os/statutes/fcrajump.shtm   for   more
11        information on the FACTA.) To reinforce its commitment to protecting consumers,
          merchants, and the overall payment system, Visa is pursuing a global security objective
12        that will enable merchants to eliminate the storage of full PAN and expiration date
          information from their payment systems when not needed for specific business reasons.
13        To ensure consistency in PAN truncation methods, Visa has developed a list of best
          practices to be used until any new global rules go into effect.
14

15   *See* **Exhibit A**, Visa Best Practices.

16
         22.    As noted above, the processing companies have required that credit card or
17
     debit card expiration dates not be shown since 2003 and still require it. For example, American
18
     Express requires:
19
          Pursuant to Applicable Law, truncate the Card Number and do not print the Card's
20        Expiration Date on the copies of Charge Records delivered to Card Members.
          Truncated Card Number digits must be masked with replacement characters such as
21        "x," "*," or "#," and not blank spaces or numbers.
22

23   *See* **Exhibit B**, American Express Operating Regulations.

24        23.    Similarly, MasterCard required in a section titled Primary Account Number

25   (PAN) truncation and Expiration Date Omission:

26   ///

27   ///

28
                                                                    Class Action Complaint | 5

85638

A Transaction receipt generated by an electronic POI Terminal, whether attended or unattended, must not include the Card expiration date. In addition, a Transaction receipt generated for a Cardholder by an electronic POI Terminal, whether attended or unattended, must reflect only the last four digits of the primary account number (PAN). All preceding digits of the PAN must be replaced with fill characters, such as "X," "*," or "#," that are neither blank spaces nor numeric characters.

See **Exhibit C**, Mastercard Acceptance Procedures.

24.     According to the Federal Trade Commission's 2017 Consumer Sentinel Network Data Book, California, with its 225,296 complaints, ranks No. 18 for the highest per capita rate of reported fraud and other types of complaints.  For identity theft, California is ranked No. 3 in the country with a total of 55,418 complaints, and total loses from fraud estimated at about $89.9M.

25.     So problematic is the crime of identity theft that the three main credit reporting agencies, Experian, Equifax, and Transunion, joined to set-up a free website (http://www.annualcreditreport.com) to comply with FACTA requirements and provide the citizens with a means of monitoring their credit reports for possible identity theft.

**Defendant's Prior Knowledge of FACTA**

26.     FACTA expressly prohibits the printing of more than the last five (5) digits of the card number to protect persons from an increased risk of identity theft, including card fraud.

27.     Most of Defendant's business peers and competitors currently and diligently ensure their credit card and debit card receipt printing process remains in compliance with FACTA by consistently verifying their card machines and devices comply with the truncation requirement. Defendant could have readily done the same.

28.     In addition to being informed not to print more than the last five (5) digits of credit or debit card account numbers, Defendant was contractually prohibited from doing so. Defendant accepts credit cards and debit cards from all major issuers (i.e. VISA, MasterCard, American Express). As discussed, supra, these companies set forth requirements that merchants, including Defendant, must follow, including FACTA's redaction and truncation

85638

1    requirements.

2          29.    Moreover, Defendant has been sued in past for violating the Fair Credit

3    Reporting Act ("FCRA") *See Gunther v. DSW Inc.*, No. 15-C-1461, 2016 WL 6537975, at *1

4    (E.D. Wis. Nov. 3, 2016) (complaint for violation of 15 U.S.C. § 1681b(b)(2)(A)).

5          30.    Defendant had also been sued in the past for improperly storing the financial

6    information of its customers that were misappropriated through a data breach into Defendant's

7    system. *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 685–86 (S.D. Ohio 2006) ("Because of DSW's

8    alleged improper retention and failure to secure this information, on or about March 2005

9    unauthorized persons obtained access to and acquired the information of approximately 96,000

10   customers.").

11         31.    Defendant had actual knowledge of FACTA's truncation requirement before it

12   began failing to comply with the requirement *en masse*. There are numerous California statutes

13   that require Defendant to maintain its retail locations in full compliance with state and federal

14   regulations such as FACTA.

15         32.    In other words, Defendant is not new to the provisions of the FCRA and the

16   risk of identity theft having been previously sued twice for privacy violations similar to the

17   one at issue in this case.

18         33.    Defendant's knowledge and experience regarding federal laws governing

19   financial transactions no doubt translates to Defendant having intimate knowledge of the

20   requirements of FACTA.

21                           **Plaintiff's Factual Allegations**

22         34.    On August 28, 2019, Plaintiff made a purchase using her personal debit card at

23   a store owned and operated by Defendant, located in Pasadena, Los Angeles County,

24   California.

25         35.    Plaintiff was subsequently presented with an electronically printed receipt on

26   bearing the first six (6) and last four (4) digits of her debit card account number, exposing her

27   to an increased risk of identity.

28

Class Action Complaint | 7

85638

36.     Aggravating this exposure, the receipt provided by Defendant includes the full name of Plaintiff and additional information related to the VIP customers rewards program, such as Plaintiff's customer ID number.

37.     As a direct result of the receipt printing the first (6) and last four (4) digits of her debit card account number, Plaintiff was required to take steps to safeguard the receipt.

38.     Defendant's disclosure of Plaintiff's first six (6) digits of her debit card number invaded her privacy by disclosing her private financial information to the store employee who provided the receipt and anyone else who finds the receipt

39.     Defendant's memorialization of the first six (6) and last four (4) digits of Plaintniff's debit card number also breached Plaintiff's confidence in the safe handling of her personal debit card information.

**Defendant's Misdeeds**

40.     Defendant exercises control of each and every one of its DSW stores, including, but not limited to, the receipt-printing devices in use at said stores.

41.     At all times relevant herein, Defendant was acting by and through its subsidiaries, agents, servants and/or employees, including without limitation those at the Pasadena DSW and the employees thereof, each of whom were acting within the scope of their agency or employment, and under the direct supervision and control of Defendant.

42.     For each and every debit and credit card transaction each day, Defendant's employees at the Pasadena store and other stores using the same point-of sale system programmed in the same manner could see the system was printing the first six and last four digits of debit and credit card numbers on the transaction receipts they were issuing.

43.     On information and belief, Defendant utilizes the same receipt printing equipment and receipt format at all DSW locations in the United States.

44.     Upon information and belief, Defendant implements, oversees, and maintains control over the same uniform debit and credit card payment processing policies, practices, and procedures for the transactions at issue in this case – including, without limitation,

1   negotiating, entering into, and acting pursuant to various contracts and agreements with the

2   electronic payment processing company whose technology Defendant uses to process credit

3   and debit card transactions. It is Defendant's policy and procedure to provide an electronically

4   printed receipt to individuals at the point-of-sale – i.e., immediately upon receipt of credit or

5   debit card payment. Upon information and belief, the point of sale systems used by Defendant

6   has the capacity to maintain records of all payment transactions and have the ability to print

7   duplicate copies of all receipts provided to customers.

8        45.   Notwithstanding its knowledge of the requirements of FACTA and the well-

9   documented dangers imposed upon consumers through their failure to comply, Defendant

10   issued thousands of point of sale receipts containing the first six (6) and last four (4) digits of

11   credit and debit card account numbers.

12        46.   By ignoring the requirements of this important federal statute; in an

13   environment already ripe for identity theft and other evils, Defendant uniformly invaded

14   Plaintiff's and the putative Class members' privacy.  Defendant's conduct alleged herein

15   resulted in the disclosure of Plaintiff's and the Class members' private financial information to

16   the world, including to persons who might find the receipts in the trash or elsewhere.

17        47.   Simply put, by printing numerous transaction receipts in wholesale violation of

18   a well-known federal statute, Defendant has caused – to paraphrase the words of the

19   Honorable Judge Posner (Ret.) – "an unjustifiably high risk of harm that [wa]s either known or

20   so obvious that it should [have been] known" to Defendant. *Redman v. RadioShack Corp.*,

21   768 F.3d 622, 627 (7th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct.

22   1970, 128 L.Ed.2d 811 (1994)).

23        48.   The first six digits of a credit or debit card number provides a variety of

24   information about the cardholder's account a thief can exploit, including whether the card is a

25   credit or debit card, whether it is a personal consumer card or a business-commercial card, and

26   the brand the card may be associated with (such as American Airlines AAdvantage Miles,

27   Hilton Honors Points, IHG Rewards Club (Intercontinental Hotel Group), etc.). Furthermore,

28

85638

1   absent Defendant's memorialization of the first six digits of Plaintiff's card on the receipt, a

2   thief has no practical way to learn that information because banks issue cards using multiple

3   first-six digit combinations, sometimes hundreds by a single bank, and thus without the receipt

4   a thief cannot determine which first-six-digit combination is on Plaintiff's card.

5                   **CLASS ACTION ALLEGATIONS**

6        49.    Plaintiff brings this class action on behalf of herself and all persons in the

7   United States who, from September 24, 2019, 2019 through the date of the Court's order

8   granting class certification, engaged in one or more transactions using a debit card or credit

9   card at one or more of Designer Brand Inc.'s retail locations in the United States, at which

10   time Defendant's point-of-sale system was programmed to generate a printed customer receipt

11   displaying more than the last 5 digits of the credit or debit card account number or the

12   expiration date of the credit or debit card used in connection with such transaction(s).

13   Excluded from the Class are the Judge to whom this case is assigned, any members of the

14   Judge's immediate family, and counsel of record in this action.

15        50.    Members of the Class are so numerous that joinder of all members would be

16   impracticable. On information and belief, Defendant prints more than a hundred credit and

17   debit card transaction receipts at each of its locations each day.

18        51.    The class is ascertainable since each credit or debit transaction is recorded by

19   the Defendant as well as third parties. The members of the class are capable of being described

20   without managerial or administrative problems. The members of the class are ascertainable

21   using the transaction information and records in the possession, custody or control of

22   Defendant, related information from Defendant's credit/debit card transaction processing

23   vendor, and the card-issuing banks. This is a straightforward process Plaintiff's counsel has

24   successfully executed in other FACTA cases. *See, e.g., Legg v. Spirit Airlines, Inc.*, Case No.

25   0:14-cv-61 978, ECF No. 146 at p.14, (S.D. Fla. July 11 , 2016) (describing process of issuing

26   subpoenas to credit card processors and banks to locate class members); *Muransky v. Godiva*

27   *Chocolatier, Inc.*, Case No. 0: 1 5-cv-60716, ECF No. 74 at p.12 (S.D. Fla., Sept. 12, 20 16)

28

Class Action Complaint | 10

85638

(same); *Guarisma v. Microsoft Corp.*, 15-cv-24326-CMA, ECF No. 58 ~4-~6 (S.D. Fla. Apr. 26, 2017) (same), *Flaum v. Doctor 's Assoc., Inc.*, 16-cv-6 1198-CMA, ECF No. 87 ~4-~6 (S.D. Fla. June 2, 2017) (same).

52.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation. Plaintiff has no interests antagonistic to those of the Class, Plaintiff's counsel have extensive experience in complex commercial litigation, class actions, and have adequate financial resources to ensure that the interests of the Class will not be harmed.

53.     A class action is superior to all other available methods for this controversy because: (i) the prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; (ii) the prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect the individual members of the Class, which would establish incompatible standards of conduct for Defendant; (iii) Defendant acted or refused to act on grounds generally applicable to the Class; and (iv) questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the class predominate over questions that may affect individual class members, including the following:

a.     Whether within the applicable statute of limitations, Defendant and/or its agents processed transactions at Defendant's stores involving a debit or credit card, and in connection with the same provided a printed receipt containing more than the last five (5) digits of the card number or card expiration date;

Class Action Complaint | 11

85638

b.      Whether Defendant's conduct was with knowledge or reckless; and

c.      Whether Defendant is liable for damages, and the extent of statutory damages for each such violation.

55.     Defendant's defenses are and will be typical of and the same or identical for each of the members of the class and will be based on the same legal and factual theories. There are no unique defenses to any of the class members' claims.

56.     As a person that patronized one of Defendant's stores and received a printed receipt containing more than the last five digits of his debit card, Plaintiff is asserting claims that are typical of the proposed class.

## COUNT I – VIOLATIONS OF 15 U.S.C.  § 1681(c)(g)

57.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

58.     15 U.S.C. §1681c(g) states as follows:

> *Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

59.     This section applies to any "device that electronically prints receipts" (hereafter "Devices") at point of sale or transaction. 15 U.S.C. §1681c(g)(3).

60.     Defendant employs the use of said Devices for point of sale transactions at all Designer Brands, Inc. locations throughout its service area.

61.     On or before the date on which this complaint was filed, Defendant provided Plaintiff and members of the class with receipt(s) that failed to comply with the Receipt Provision.

62.     At all times relevant to this action, Defendant was aware, or should have been aware, of the Receipt Provision.

63.     Notwithstanding the three-year period to comply with FACTA and its accompanying provisions, nor the subsequent years since FACTA became effective; and having knowledge of the Receipt Provision; Defendant violated the Receipt Provision with

85638

1   knowledge of the law or in reckless disregard of the law.

2       64.   By printing the first six (6) and the last four (4) digits of Plaintiff's debit card

3   number on Plaintiff's transaction receipt, Defendant caused Plaintiff to suffer a heightened risk

4   of identity theft, exposed Plaintiff's private information to others who may have handled the

5   receipt and forced Plaintiff to take action prevent further disclosure of the private information

6   displayed on the receipt.

7       65.   As a result of Defendant's willful violations, Defendant is liable to Plaintiff and

8   members of the class pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages,

9   attorney's fees and costs.

10                       **PRAYER FOR RELIEF**

11       WHEREFORE, Plaintiff, Sharon Peskett, respectfully requests that this Court enter

12   judgment in her favor and the class, and against Defendant as follows:

13       a. Granting certification of the Class;

14       b. Awarding statutory damages;

15       c. Awarding punitive damages;

16       e. Awarding attorneys' fees, litigation expenses and costs of suit; and

17       f. Awarding such other and further relief as the Court deems proper under the

18   circumstances.

19

20   DATED: October 25, 2019

                    **HEKMAT LAW GROUP**

21                     **SCOTT D. OWENS, P.A.**
                    **KEOGH LAW, LTD.**

22                     **BRETT LUSSKIN, P.A.**

23             By: _/s/ Joseph M. Hekmat_____

24                Joseph M. Hekmat
               Scott D. Owens

25                Keith J. Keogh
               Brett L. Lusskin, Jr.,

26                *Attorneys for Plaintiff Sharon*
               *Peskett, individually, and on behalf of*

27                *other similarly situated individuals*

28

85638

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:  October 25, 2019

HEKMAT LAW GROUP
SCOTT D. OWENS, P.A.
KEOGH LAW, LTD.
BRETT LUSSKIN, P.A.

By:  /s/ Joseph M. Hekmat
Joseph M. Hekmat
Scott D. Owens
Keith J. Keogh
Brett L. Lusskin, Jr.,
*Attorneys for Plaintiff Sharon
Peskett, individually, and on behalf of
other similarly situated individuals*

85638