UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-0563 FMO (AFMx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | Sharon Peskett v. Designer Brands, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**     (In Chambers) Order Re: Motion to Remand

Having reviewed Plaintiffs' Motion to Remand Action to State Court, (Dkt. 20, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On October 25, 2019, plaintiff Sharon Peskett ("Peskett" or "plaintiff") filed a putative class action complaint in the Los Angeles County Superior Court against Designer Brands, Inc. ("Designer Brands" or "defendant"), asserting a cause of action for violation of the Fair and Accurate Credit Transactions Act, ("FACTA"),[1] which amended the Fair Credit Reporting Act, ("FCRA"),15 U.S.C. §§ 1681, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-2, Complaint); see Bassett V. ABM Parking Services, Inc., 883 F.3d 776, 777 (9th Cir. 2018) (noting that FACTA amended the FCRA). Plaintiff alleges that defendant violated the FACTA by presenting her with an electronically printed receipt bearing the first six and last four digits of her debit card account number after she made a purchase at defendant's store in Pasadena, California. (See Dkt. 1-2, Complaint at ¶ 35). Defendant removed the action on the basis of federal question jurisdiction. (See Dkt. 1, NOR at ¶ 5). Plaintiff now moves to remand. (See Dkt. 20, Motion).

## LEGAL STANDARD

Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

[1] The FACTA provides that "[n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-0563 FMO (AFMx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | Sharon Peskett v. Designer Brands, Inc. | | |

defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[2] See id. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## DISCUSSION

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408, 133 S.Ct. 1138, 1146 (2013). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Id. (internal quotation marks omitted). Article III requires plaintiff to show "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that [her] injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 704 (2000); Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 125, 134 S.Ct. 1377, 1386 (2014) ("The plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992)). "Injury in fact is a constitutional requirement, and it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547-48 (2016) (internal quotation marks and brackets omitted).

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." Cetacean

---

[2] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-0563 FMO (AFMx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | Sharon Peskett v. Designer Brands, Inc. | | |

Community v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004). Moreover, "a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)[.]" Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016); see also Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 970 n. 6 (9th Cir. 2018) ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case – whether the claims at issue are state or federal – the proper course is to remand for adjudication in state court."). Defendant, as the party asserting federal jurisdiction, bears the burden of establishing plaintiff's Article III standing. See Lujan, 504 U.S. at 561, 112 S.Ct. at 2136; Garcia v. Kahala Brands, Ltd., 2020 WL 256518, *1 (C.D. Cal. 2020) ("Defendants, as the party asserting federal jurisdiction, bear the burden of establishing Plaintiffs' Article III standing.").

Plaintiff contends that defendant has failed to show she has Article III standing, and thus, this action must be remanded for lack of jurisdiction. (See Dkt. 20, Motion at 7-13). As an initial matter, the court notes that defendant devotes the majority of its opposition to issues other than the threshold standing issue. (See Dkt. 23, Defendant's Opposition to Plaintiff's Motion to Remand Action to State Court ("Opp") at 3-9). Indeed, for purposes of this Motion, defendant does not contend that plaintiff has Article III standing. (See, generally, id.).

In any event, the court agrees with plaintiff that defendant has failed to show that plaintiff has Article III standing. See, e.g., Bassett, 883 F.3d at 782-83 (holding plaintiff lacked Article III standing with respect to FACTA claims seeking statutory damages); Noble v. Nevada Checker Cab Corp., 726 F.Appx. 582, 584 (9th Cir. 2018) (same); Kiem v. Trader Joe's Co., 2020 WL 564120, *2-*3 (C.D. Cal. 2020) (rejecting removing defendant's argument that plaintiff alleged actual injury since he alleged "that partial disclosure of his credit card number exposed him to a heightened risk of identity theft and forced him to safeguard the receipt" and because defendant's "employee handed Plaintiff the receipt, which mean[t] that Defendant's disclosure practice could have exposed Plaintiff's financial information to the employee and anyone else who saw the receipt"). As noted above, defendant does not contend that plaintiff has Article III standing. (See, generally, Dkt. 23, Opp at 3-9). In short, the court finds that defendant has failed to meet it burden of establishing plaintiff's Article III standing. See Lujan, 504 U.S. at 561, 112 S.Ct. at 2136; Garcia, 2020 WL 256518, at *1 ("Defendants, as the party asserting federal jurisdiction, bear the burden of establishing Plaintiffs' Article III standing."). Accordingly, this action "must be remanded to state court[.]" Polo, 883 F.3d at 1196; see, e.g., Davidson, 889 F.3d at 970 n. 6 ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case – whether the claims at issue are state or federal – the proper course is to remand for adjudication in state court."); Garcia, 2020 WL 256518, at *3 ("Given that Plaintiff lacks Article III standing, this case must be remanded to state court."); Keim, 2020 WL 564120, at *3 ("Consistent with Polo, the Court finds that remand is appropriate.").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6 |
|---|---|---|---|
| Case No. | CV 20-0563 FMO (AFMx) | Date | May 18, 2020 |
| Title | Sharon Peskett v. Designer Brands, Inc. | | |

not persuaded, under the circumstances here, that defendant has met its burden.[3]  Thus, there is no basis for subject matter jurisdiction.

**This order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.  Plaintiff's Motion **(Document No. 20)** is **granted in part** and **denied in part**.  The Motion is denied as to fees and costs.

2.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3.  The Clerk shall send a certified copy of this Order to the state court.

4.  Any pending motion is denied as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[3]  Plaintiffs seek an award of attorney's fees and costs in connection with her Motion.  (See Dkt. 20, Motion at 13-14).  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005).  Here, the court finds that attorney's fees under 28 U.S.C. § 1447(c) are unwarranted.